Gregory B. DYMOND and Samuel K. Gibbons, Appellants,

v.

UNITED STATES POSTAL SERVICE, Appellee.

No. 81–1598.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1981.

Decided Feb. 5, 1982.

David W. Harlan (argued), Charles E. Taylor, Guilfoil, Symington, Petzall & Shoemake, St. Louis, Mo., for appellants.

Thomas E. Dittmeier, U. S. Attty., Bruce D. White, Asst. U.S. Atty., St. Louis, Mo., Stephen E. Alpern, Associate Gen. Counsel, Mason D. Harrell, Jr. (argued), U.S. Postal Service, Washington, D.C., for appellee.

Before HENLEY and ARNOLD, Circuit Judges, and HARRIS,* Senior District Judge.

OREN HARRIS, Senior District Judge.

Gregory B. Dymond and Samuel K. Gibbons brought suit against the United States Postal Service for overtime wages pursuant to the Fair Labor Standards Act. The district court,[1] sitting without a jury, entered judgment in favor of the Postal Service. Dymond and Gibbons appeal from the district court's judgment in favor of the Postal Service. We affirm.

The Fair Labor Standards Act (FLSA) generally requires the payment of a minimum wage and overtime pay for hours worked in excess of 40 in a work week. 29 U.S.C. § 207. However, employees in an executive, administrative, or professional capacity are exempt from the overtime pay requirements. 29 U.S.C. § 213(a)(1). These terms are defined by the regulations of the Secretary of Labor. The FLSA was first made applicable to the Postal Service in 1974. Also, the 1974 amendments to the FLSA made certain maximum work hour restrictions applicable to law enforcement activities. 29 U.S.C. § 207(k).

In 1976 representatives of the Postal Service met with representatives of the Wage and Hour Division of the Labor Department to discuss the postal inspectors' entitlement to overtime pay. The various aspects of the inspectors job were discussed and job descriptions and salary tables were presented to the Labor Department. The issue of independent judgment and discretion of postal inspectors was also discussed. The Department of Labor asked the Postal Service to submit material outlining the nature of the organization, the duties and responsibilities of inspectors, information concerning recruitment sources for inspectors, the level of education, information concerning the salary, entry level salary, progress of postal inspectors through the various grade levels, and copies of official position descriptions.[2]

On November 8, 1976, the Postal Service formally requested an opinion as to the status of inspectors under the FLSA. The request consisted of a four-page letter with official position descriptions attached. This letter and attachments contained all the information requested by the Labor Department and described every important, significant, substantial duty performed by postal inspectors.

The Wage and Hour Division examined the responsibilities and duties of seven positions in the Inspection Service; applied its regulations, specifically 29 C.F.R. §§ 541.2 and 514.214; and concluded that five postal inspectors positions met the test for the

---

* Oren Harris, Senior District Judge, Eastern and Western Districts of Arkansas, sitting by designation.

1. The Honorable Roy W. Harper, United States District Judge, Eastern District of Missouri.

2. Inspectors are responsible for conducting criminal, civil and administrative investigations to uncover violations of postal laws. However, inspectors also have administrative functions, such as developing and implementing new programs, training new personnel, maintaining security, and financial auditing of postal procedures.

administrative employee exemption and that two special investigator positions did not meet the requirements.

In reliance upon the Wage and Hour Division's ruling, the Postal Service did not pay appellant inspectors overtime compensation during their employment as postal inspectors. Appellants Dymond and Gibbons, plaintiffs below, were employed as postal inspectors from 1976 through 1979.

Plaintiffs' primary contention is that the district court erred in applying the Portal-to-Portal Act, 29 U.S.C. § 259(a), to the facts of this case. Under the Portal-to-Portal Act, the Postal Service is entitled to the defense of good faith, if it had no knowledge of circumstances which ought to have put it on notice to make an inquiry. Plaintiffs assert that the trial court erred in ruling that the Postal Service satisfied the requirements of the good faith reliance test. Their attack is based on the fact that the Confidential Field Manual (CFM) was not provided to or reviewed by the Wage and Hour Division when it made its ruling. The inspectors contend that CFM contains detailed procedures and because postal inspectors are required to follow these procedures, the work performed by postal inspectors requires no discretion or independent judgment.[3] This information, plaintiffs maintain, should have put the Postal Service on notice to make an inquiry.

The general test for the administrative employee exemption includes a requirement that the employee "customarily and regularly exercises discretion and independent judgment." 29 C.F.R. § 541.2(b). However, where an employee's salary exceeds $250.00 per week, that requirement is reduced to requiring that the employee's primary duty simply "includes work requiring the exercise of discretion and independent judgment." 29 C.F.R. § 541.2(e)(2). All postal inspectors' salaries exceed $250.00 per week and they, therefore, qualify for the administrative employee exemption if they meet the more liberal standard requiring that their duties merely "include" work requiring the exercise of discretion and independent judgment. If CFM contains procedures which indicate that postal inspectors' work includes the exercise of independent judgment and discretion, the Postal Service cannot be found to be put on inquiry.

The Postal Service admits that CFM requires inspectors to follow some procedures which do not require the exercise of independent judgment and discretion. However, CFM also requires that inspectors perform certain duties which demand the exercise of independent judgment and discretion. The inspectors determine when a situation requires immediate action, and they also determine whether an alleged postal violation warrants prosecution or is a minor technical violation which should not be presented to the United States Attorney for prosecution. These responsibilities indicate that postal inspectors' work includes the exercise of independent judgment and discretion.

█ The Court agrees with the district court that the inspectors' duties were amply revealed through a letter of the Postal Service to the Department of Labor on November 8, 1976, and its attachments. The fact that CFM was not furnished to the Department of Labor is not significant. The attachments to the November 8, 1976, letter to the Department of Labor state that the inspectors must follow diversified procedures and standards and they are governed by clearly defined policies. This letter, together with other material submitted to the Department of Labor, makes it clear that the inspectors were not totally autonomous, but instead functioned within the framework of established procedures, standards and policies such as set forth in CFM. Since CFM is nothing more than a statement of the policies, standards and procedures, providing it to the Department of Labor would have been redundant and unnecessarily burdensome. The Labor De-

---

**3.** The term [discretion and independent judgment] ... implies that the person has the authority or power to make an independent choice, free from immediate direction or supervision and with respect to matters of significance. 29 C.F.R. § 541.207(a).

partment has 40 years of experience administering the FLSA, and it knew that it could best decide whether postal inspectors met the administrative employee exemption from certain documents and information which the Postal Service was requested to produce. The Department of Labor based its ruling on the information provided by the Postal Service.

█ Even though an employee's work is subject to approval, even to the extent that a decision may be reversed by higher level management, it does not follow that the work did not require the exercise of discretion and independent judgment as the terms are defined for the administrative employee exemption. *Gilstrap v. Synalloy Corp., Indus. Piping Supply*, 409 F.Supp. 621 (D.La.1976).

█ Great deference is to be accorded to the Department of Labor in its interpretation of its own regulations. *Murphy Oil Corp. v. Federal Energy Reg.*, 589 F.2d 944 (8th Cir. 1978); *West v. Bergland*, 611 F.2d 710 (8th Cir. 1979); *Zenith Radio Corp. v. United States*, 437 U.S. 443, 450–51, 98 S.Ct. 2441, 2445, 57 L.Ed.2d 337 (1978). The construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong. *Miller v. Youakim*, 440 U.S. 125, 99 S.Ct. 957, 59 L.Ed.2d 194 (1979); *Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969). The prevailing standard is that an administrative interpretation is to be afforded controlling weight unless it is plainly erroneous or inconsistent with the regulations at issue. *Murphy Oil Corp. v. Federal Energy Reg.*, supra; *Columbus Community Hospital, Inc. v. Califano*, 614 F.2d 181 (8th Cir. 1980).

█ This Court, after a thorough review of the regulations applicable to this case, is of the opinion that these regulations do not suggest a different result than the decision of the Administrator or the district court. In view of the wide range of the inspectors' duties and responsibilities, plaintiffs clearly fall within the class of employees to be excluded from overtime compensation.

There is nothing in the regulations to indicate an inconsistent or erroneous interpretation by the agency or the district court.

Affirmed.