**Rex CAMPBELL, et al., Plaintiffs,**

**v.**

**UNITED STATES AIR FORCE, et al., Defendants.**

**No. CV–F–90–400.**

United States District Court, E.D. California.

Dec. 18, 1990.

894

Rex Campbell, in pro. per.

Mark E. Cullers, Asst. U.S. Atty, Fresno, Cal., for defendants.

## DECISION AND ORDER RE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

COYLE, Chief Judge.

On October 29, 1990 the court heard plaintiffs' Motion for Summary Judgment. Upon due consideration of the written and oral arguments of the parties, the court now enters its order denying the motion as set forth herein.

## I. BACKGROUND

Plaintiffs in this case are air traffic controllers at Edwards Air Force Base. Prior to May 24, 1988 plaintiffs' positions were classified as GS–301–11, Mission Controllers. On May 24, 1988 plaintiffs filed with the Office of Personnel Management ("OPM") a classification appeal, requesting that their positions be reclassified as GS–2152–12, Air Traffic Controllers. Following an analysis of plaintiffs' duties, plaintiffs' positions were reclassified on July 11, 1988 as GS–2152–12, Air Traffic Control Specialists. The positions were also identified as exempt from the Fair Labor Standards Act ("FLSA") overtime ·provisions. The classification was again reviewed in June of 1989. By letter dated July 7, 1989, Ms. Jo Ann Barnicki, Principal Classifier, Civilian Personnel at Edwards Air Force Base, determined that the positions should remain exempt.

This Complaint focuses on the identification of plaintiffs' positions as exempt from the overtime provisions of the FLSA.[1] Section 207 of Title 29 of the United States Code provides as follows:

(a)(1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

Section 213 provides that the above provision shall not apply to "any employee employed in a bona fide executive, administrative, or professional capacity, ... or in the capacity of outside salesman."

The plaintiffs contend that they do not perform any administrative duties, but only technical work. The plaintiffs accordingly assert that they should not be exempt from the overtime provisions of the FLSA. The plaintiffs request that the court order the Department of the Air Force to reclassify the GS–2152 Air Traffic Controllers at Edwards Air Force Base as nonexempt from the overtime provisions of the FLSA. In addition, plaintiffs request that they be awarded back pay from June 1987 to the present.

Plaintiffs move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment on their request that the court reclassify plaintiffs' positions as nonexempt from the overtime provisions of the FLSA.

## II. PLAINTIFFS' POSITION DESCRIPTIONS

In July of 1988, plaintiffs' positions were reclassified as Air Traffic Control Special-

---

**1.** The FLSA is codified at 29 U.S.C. §§ 201–219.

ists, GS–2152–12. According to the classification report, the purpose of this position is to provide air traffic control and mission control services for aircraft operating within a particular area. The aircraft include military test aircraft, other military aircraft, and civilian aircraft passing through the designated area.

Plaintiffs perform both air traffic control and mission control duties. The air traffic control duties include (1) issuing clearances for aircraft to enter low-level routes; (2) providing individual instructions to aircraft operating in "special use" airspaces such as high altitude and "spin" areas; (3) issue traffic and boundary advisories to assist aircraft in avoiding collisions; and (4) coordinate radar transmission with other areas in which aircraft are flying.

Plaintiffs mission control duties are expansive. These duties include the following:

(1) Conduct pre-mission studies of support requirements and safety factors;

(2) Operate, test, and repair computer equipment used in processing flight test data obtained from surveillance;

(3) Participate in test plan working groups, safety review boards, and other forums that determine the validity of proposed flight tests;

(4) Study mission requirements to ensure that they will be adequately supported and within safety constraints;

(5) Interpret charts, graphs, and tables to provide data for missions;

(6) Provide test guidance instructions to airborne vehicles;

(7) Exercise operational control of aircraft within particular area;

(8) Serve as area control officer to direct or monitor missions engaged in the release of weapons or supplies;

(9) Provide airspace surveillance of aircraft engaged in flight testing, issue traffic information, issue significant weather information, and provide "chase and target" positioning;

(10) Serve as program manager for certain missions and as operational technical representative at conferences concerning daily range projects;

(11) Review test requirements submitted by the range user and determine the type and amount of support required.

In addition to the above specified duties, the position description states that the Air Traffic Control Specialists work independently and are responsible for "making real time decisions while accomplishing their assigned duties." In addition, the report notes that the complexity of the full-performance Air Traffic Control Specialist position is intensified by the two distinct specialties of which it is comprised: air traffic control and test mission control.

### III. APPLICABLE REGULATIONS

On July 1, 1975, the United States Civil Service Commission published Federal Personnel Manual (FPM) System Letter 551–7. The body of the Letter sets forth the criteria to be applied in determining whether a federal employee is exempt or nonexempt from the overtime provisions of the FLSA. In addition, an Attachment to the Letter establishes guidelines for applying this criteria.

In 1985, the OPM, successor to the United States Civil Service Commission, promulgated regulations to control pay administration under the FLSA. *See* 5 C.F.R. part 551. Section 551.205 sets forth the criteria to determine administrative exemptions from the overtime provisions of the FLSA. The criteria are the same as those provided in FPM Letter 551–7.

Section 551.205 provides in pertinent part as follows:

An administrative employee is an advisor, assistant, or representative of management, or a specialist in a management or general business function or supporting service who meets all of the following criteria:

(a) The employee's primary duty consists of work that—

(1) Significantly affects the formulation or execution of management policies or programs; or

(2) Involves general management or business functions or supporting services of substantial importance to the organization serviced; or

(3) Involves substantial participation in the executive or administrative functions of a management official.

(b) The employee performs office or other predominantly nonmanual work which is—

(1) Intellectual and varied in nature; or

(2) Of a specialized or technical nature that requires considerable special training, experience, and knowledge.

(c) The employee must frequently exercise discretion and independent judgment, under only general supervision, in performing the normal day-to-day work.

## IV. CLASSIFICATION OF PLAINTIFFS' POSITIONS

The classifier at Edwards Air Force Base, Ms. Jo Ann Barnicki, determined that plaintiffs' positions fell within this administrative exemption to the overtime provisions of the FLSA. First, Ms. Barnicki found that the positions meet the criteria of subsection (a)(2) above because, without mission control service provided by plaintiffs, test flights would never be successful. Ms. Barnicki thus concluded that plaintiffs provide a supporting service that is substantially important to the safety of the aircraft and crew.

Second, Ms. Barnicki determined that the positions satisfied the criteria of subsection (b)(2) above. She found that plaintiffs perform predominantly nonmanual work that requires highly technical knowledge acquired only through years of experience.

Finally, Ms. Barnicki found that plaintiffs' positions satisfied subdivision (c) above because plaintiffs work independently and are responsible for making "real-time decisions" while accomplishing their assigned duties.

The court finds that plaintiffs' positions were properly classified as administratively exempt from the overtime provisions of the FLSA. First, as air traffic control and mission control specialists, plaintiffs provide test mission aircraft and other aircraft with information necessary for proper operation and safety. One of plaintiffs' many responsibilities in their capacity as both air traffic and mission controllers is to ensure that aircraft remain within a specified range and on a particular pattern. This service, necessary to avoid aircraft collisions, in addition to the mission control functions plaintiffs perform, demonstrates that plaintiffs provide "supporting services of substantial importance," without which Edwards Air Force Base would operate less safely, effectively, and efficiently.

Second, plaintiffs' position description makes clear that plaintiffs perform predominantly nonmanual work that is highly technical and requires special training, experience, and knowledge. Many of their duties require proficiency in working with computers, radar, and other technical equipment. In addition, with the possible exception of repairing equipment, it does not appear that plaintiffs perform any manual work.

Finally, plaintiffs, in exercising their day-to-day duties, must employ discretion and independent judgment. A sudden change in the weather or an unexpected mechanical failure would require plaintiffs to perform quickly and with independent discretion in guiding military test aircraft or civilian aircraft.

In asserting that they are nonexempt from the overtime provisions of the FLSA, plaintiffs rely on the following language in the Attachment to FPM Letter 551–7:

[T]here are large groups of employees who will not fit any of the exemption categories. These include:

.    .    .    .    .

—nonsupervisory employees at any grade level in occupations requiring highly specialized technical skills and knowledge that can be acquired only through prolonged job training and experience, such as the Air Traffic Controller Series, GS–2152, or the Aircraft Operations Series, GS–2181, *unless* such employees are performing predominantly administrative

functions rather than the technical work of the occupation.

Plaintiffs are classified as GS–2152–12.[2] Nevertheless, this section of the Letter provides an important exception, specifically that air traffic controllers will not fit any of the exemption categories *"unless* such employees are performing predominantly administrative functions rather than the technical work of the occupation." As discussed above, plaintiffs' positions require performance that meets the criteria for an administrative exemption. In addition, plaintiffs are Air Traffic Control Specialists: they are not only air traffic controllers, but are mission controllers as well.

ACCORDINGLY, IT IS ORDERED that plaintiffs' motion for summary judgment is denied.

---

**2.** In opposition to plaintiffs' argument, defendants assert that FPM System Letter 551–7 was replaced by 5 C.F.R. part 551. Defendants provide no authority for this proposition. In fact, as plaintiffs point out, the Letter was relied on by at least two courts subsequent to the promulgation in 1985 of 5 C.F.R. part 551. *See American Federation of Government Employees v. OPM,* 821 F.2d 761 (D.C.Cir.1987); *Palardy v. Horner,* 711 F.Supp. 667 (D.Mass.1989).