**Wallace RONEY, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. A. No. 90–2813–LFO.**

United States District Court,
District of Columbia.

April 15, 1992.

Thomas A. Woodley, Gregory K. McGillivary, Mulholland & Hickey, Washington, D.C., for plaintiff.

Charles Flynn, Asst. U.S. Atty., Washington, D.C., for U.S.

## MEMORANDUM

OBERDORFER, District Judge.

This matter is before the Court on Cross–Motions for Summary Judgment. Plaintiff, Wallace Roney is a GS–1811, Criminal Investigatory (Deputy U.S. Marshal), Grade 11, Step 7, employed by the United States Marshals Service ("U.S. Marshals") and assigned to the U.S. Marshal for the District of Columbia, U.S. District Court. Roney is contesting his exemption from coverage under Section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, alleging that he is entitled to overtime compensation for "excess" hours worked as calculated by FLSA and to recover the compensation denied him. Roney does not currently receive premium FLSA time and one-half overtime compensation because he has been classified as an administrative employee under section 13(a) of the FLSA. 29 U.S.C. § 213. Defendant Moves to Dismiss or in the Alternative for Summary Judgment; Plaintiff Moves for a Partial Summary Judgment. The Motions are ripe and may now be decided.

### I.

Plaintiff is employed as a GS–11 Deputy U.S. Marshal ("Marshal") in the U.S. Marshal's office for the District of Columbia and is assigned to the Court support Section of the D.C. office. At times, the plaintiff is assigned to work twelve hour days for seven to eight days in a row. *See* Plaintiff's Facts ¶ 19. Plaintiff does not receive compensation at the premium FLSA rate of time and one-half overtime compensation but rather receives payment for work over forty hours per week at the hourly rate of a GS–10 employee. Defendant's Facts ¶ 7. Plaintiff is also subject to a maximum earnings limitation. *Id.* at ¶ 5.

The Office of Personnel Management's ("OPM") job description for the position of Criminal Investigator, GS–1811–11 states that the candidate is "to apply investigative knowledges, skills, and abilities to conduct investigations of substantial difficulty concerning violations of laws, rules, and regu-

lations enforced by the U.S. Marshals Service." *See* Job Description Criminal Investigator, GS–1811–11 ("Job Description") at 1. Secondarily, the employee performs "complex law enforcement activities" normally associated with GS–082, Grades 7 and 9. *See* Job Description at 3; *see also* Wilfred Tapping Aff. ¶ 8. Among the "Factors" listed in the Job Description as necessary to successfully performing in the position are "Supervisory Controls," noting that the "investigator receives guidance from the supervisor on the scope and intensity of effort based on the needs and objectives of the U.S. Marshals Service, the limitations imposed by statute and precedent, the resources available, the constraints imposed by time, geographic areas to be covered and category of investigation." Job Description at 5. Additionally, the Factors include "Physical Demands" requiring "physical strength and stamina to perform such activities as long periods of surveillance, pursuing and restraining suspects, carrying heavy equipment ... considerable physical exertion, such as running, stooping, bending, climbing, lifting and carrying heavy objects" *id.* at 7. They described "Work Environment" as "indoors and outdoors in a variety of environments, including a wide variety of potentially dangerous and stressful situations. Incumbent may be subject to physical attack, including the use of lethal weapons." *Id.*

Plaintiff argues that he is a law enforcement employee rather than an administrative employee and acts in a "front line" capacity "protecting jurors, judges, and witnesses." Plaintiff's Motion for Summary Judgment at 3. As such, he contends that he should be eligible under Section 7 of the FLSA for one and one-half times his regular rate of pay for each overtime hour worked. 29 U.S.C. § 207. Defendant states that normally, "the GS–082 Deputy U.S. Marshal performs the more routine duties and the GS–1811 Criminal Investigator performs the more difficult and complex assignments requiring more independence and sophisticated planning and investigative skills." *See* Defendants Motion to Dismiss at 4. Therefore, defendant contends, Roney is exempt from the FLSA as an administrative employee under Section 13(a) of the Act, and not eligible for time and a half overtime.

## II.

■ As an initial matter, plaintiff argues that defendant has failed to plead the administrative exemption as an affirmative defense and urges that on this basis alone the Court rule in plaintiff's favor on the issue of liability. *See* Plaintiff's Motion for Partial Summary Judgment at 4. As the defendant points out, Defendant's Fourth Defense stated "Plaintiff is not entitled to receive overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 213." Answer at 1. The cited provision provides the various exemptions allowed from FLSA coverage. Additionally, the Court in *Walling v. General Industries Co.*, 330 U.S. 545, 547–48, 67 S.Ct. 883, 883–84, 91 L.Ed. 1088 (1947) held that a denial of the charge combined with a citation to the section containing the exemptions is adequate as an affirmative defense. *See* 330 U.S. at 546, 67 S.Ct. at 883. For these reasons, the defendant will be deemed to have raised the exemptions as an affirmative defense.

## III.

■ In 1974 Congress amended the FLSA to extend the overtime provisions to federal employees. *See* Pub.L. No. 93–259, 88 Stat. 55, 29 U.S.C. § 203(e)(2)(A). At present, almost all federal employees are entitled to overtime compensation under the FLSA. 5 U.S.C. § 5542 (Title 5 Overtime). Further, if an employee is entitled to overtime compensation under both FLSA and Title 5, the employee is entitled to receive the greater benefit. 5 C.F.R. § 551.553.

The Department of Labor ("DOL") and the OPM have both promulgated regulations pertaining to the administrative exemption. The DOL's regulations are set forth in 29 C.F.R. § 541.2 stating in pertinent part:

The term "employee employed in a bona fide administrative capacity" ... shall mean any employee:

(a) Whose primary duty consists of ...

(1) The performance of office or non-manual work directly related to management policies or general business operations of his employer or his employer's customers, ... and

(b) Who customarily and regularly exercises discretion and independent judgment; and

(c)(1) Who regularly and directly assists a proprietor, or an employee employed in a bona fide executive or administrative capacity (as such terms are defined in the regulations of this subpart), or

(2) Who performs under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge, or

(3) Who executes under only general supervision special assignments and tasks; and

(e)(1) [W]ho is compensated on a salary or fee basis at a rate of not less than $250 per week....

*Id.* § 541.2.[1] The DOL's scheme analyzes the FLSA administrative exemption requirements and can be used to determine plaintiff's eligibility under the FLSA in the instant matter.[2] *See AFGE v. OPM*, 821 F.2d 761, 770 (D.C.Cir.1987).

■ When, as here, the employer claims that an employee is exempt from overtime provisions under the FLSA, the burden falls on that employer to prove that the employee falls within the claimed exemption. *See, e.g., Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97, 94 S.Ct. 2223, 2229, 41 L.Ed.2d 1 (1974); *Idaho Sheet Metal Works v. Wirtz*, 383 U.S. 190, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966). The criteria "provided by regulations are absolute and the employer must prove that any particular employee meets every requirement before the employee will be deprived of the protection of the Act." *Mitchell v. Williams*, 420 F.2d 67, 69 (8th Cir.1969). Additionally, the employer's claims must be proved by clear and affirmative evidence or the employee must be given coverage under the Act. *See Clark v. J.M. Benson & Co.*, 789 F.2d 282, 286–289 (4th Cir.1986); *Bratt v. County of Los Angeles*, 912 F.2d 1066, 1069 (9th Cir.1990) *cert. denied,* —— U.S. ——, 111 S.Ct. 962, 112 L.Ed.2d 1049 (1991).

## IV.

In this case, the employer/defendant must prove initially that the employee/plaintiff performed "office or non-manual work *directly related to management policies* or general business operations of his employer or his employer's customers,

---

1. Subsection (d) was omitted since it did not pertain to the instant case.

2. Similarly, the OPM, in 5 C.F.R. § 551.205 requires that:

> An administrative employee is an advisor, assistant, or representative of management, or a specialist in a management or general business function or supporting service who meets all of the following criteria:
> (a) The employee's primary duty consists of work that—
> (1) Significantly affects the formulation or execution of management policies or programs; or
> (2) Involves general management or business functions or supporting services of substantial importance to the organization serviced; or
> (3) Involves substantial participation in the executive or administrative functions of a management official.
> (b) the employee performs office or other predominantly nonmanual work which is—

> (1) Intellectual and varied in nature; or
> (2) Of a specialized or technical nature that requires considerable special training, experience, and knowledge.
> (c) The employee must frequently exercise discretion and independent judgment, under only general supervision, in performing the normal day-to-day work.

The difference between the DOL regulations and the OPM regulations is essentially the "salaried basis" test. In the instant case, the resolution of the Motion for Summary Judgment does not depend upon an analysis of whether or not the plaintiff was a salaried employee. As the defendant correctly points out, with the exception of a small number of Presidential appointees the Federal civil service pay system is non-salaried. *See* 5 U.S.C. § 6301 *et seq.* Since it was clearly not Congress' intention to include the entire Federal work force under the FLSA, the "salaried basis" test will not be used as a pivotal factor in evaluating the instant case involving a federal employee.

..." 29 C.F.R. § 541.2(a)(1) (emphasis added). The regulations further explain the language stating that it

(a) ... describes those types of activities relating to the administrative operations of a business as distinguished from "production" ... work. In addition to describing the types of activities, the phrase limits the exemption to persons who perform work of substantial importance to the management or operation of the business of his employer or his employer's customers.

(b) The administrative operations of the business include the work performed by so-called white collar employees engaged in "servicing" a business, as, for, example, advising the management, planning, negotiating, representing the company, purchasing, promoting sales, and business research and control....

(c) As used to describe work of substantial importance to the management or operation of the business, the phrase ... is not limited to persons who participate in the formulation of management policies or in the operation of the business as a whole. Employees whose work is "directly related" to management policies or to general business operations include those [whose] work affects policy or whose responsibility it is to execute or carry it out....

*Id.* § 541.205.

■ The test is whether the employee's activities are "directly related to *management policies* or *general* business operations." *Bratt*, 912 F.2d at 1070 (emphasis in the original). The *Bratt* court rejected an administrative exemption claim with respect to Court Probation Officers holding that the "essence of this requirement" is captured then it is interpreted to mean "the running of a business and not merely ... the day-to-day carrying out of its affairs." *Id.* at 1070. Further, "advising the management" as used in § 541.205(b) is "directed at advice on matters that involve policy determinations, *i.e.*, how a business should be run or run more efficiently, not merely providing information." *Bratt*, 912 F.2d at 1070. The service that the Mar-

shals provide for the courts does not relate to security policy or operational management but rather to the application of security measures to the day-to-day production process of a working courtroom. The Job Description very clearly states that the "investigator *receives guidance from the supervisor* on the scope and intensity of effort based on the needs and objectives of the U.S. Marshals Service, the limitations imposed by statute and precedent, the resources available, the constraints imposed by time, geographic areas to be covered and category of investigation." Job Description at 5. Far from advising the "business" or agency regarding appropriate management techniques, a Marshal in this position is subject to detailed direction by his superiors with respect to the scope, time, area, and resources available for him to complete a specific task.

This interpretation also reflects the position of the Department of Labor. In a 1988 ruling the DOL found that a sergeant in a sheriff's department and an investigator for the District Attorney are not administrative employees. DOL concluded that "[I]nasmuch as law enforcement and investigation activities are primary functions of a sheriff's department and District Attorney's office, it would appear that the activities performed by the sergeant sheriffs and District Attorney investigators are related more to the ongoing day-to-day operations than to management policies or general business operation." Letter Ruling, Wage and Hour Opinion Letter, June 9, 1988.

## V.

Even under the OPM's regulations, invoked by the defendant, plaintiff does not qualify as an administrative employee who "is an advisor, assistance [sic] or representative of management, or a specialist in a management or general business function or supporting service." 5 C.F.R. § 551.205. Defendant concedes that there is "a dearth of case law addressing the administrative employee exemption as it applies to federal law enforcement officers," *see* Defendant's Motion to Dismiss at 10, but urges the court to analogize plaintiff's position as a Marshal to the occupation of either a postal

inspector or an air traffic controller. *See Sprague v. United States*, 677 F.2d 865 (Ct.Cl.1982) (postal inspector is an administrative employee and exempt form overtime provisions of FLSA); *Dymond v. United States Postal Service*, 670 F.2d 93 (8th Cir.1982) (postal inspector is an administrative employee and exempt form overtime provisions of FLSA); *Campbell v. United States Air Force*, 755 F.Supp. 893 (E.D.Cal.1990) (air traffic controllers exercise sufficient discretion and independent judgment under the FLSA exemption criteria).

In the case of the postal inspectors, the DOL had made an administrative determination that the individuals were not entitled to receive overtime wages under the FLSA and the court accorded great deference to the DOL in its interpretation of its own regulations. *Dymond* 670 F.2d at 96; *see also Murphy Oil Corp. v. Federal Energy Reg.*, 589 F.2d 944 (8th Cir.1978); *West v. Bergland*, 611 F.2d 710 (8th Cir.1979) *cert. denied*, 449 U.S. 821, 101 S.Ct. 79, 66 L.Ed.2d 23 (1980). In the instant case, deference to the DOL's administrative decisions would indicate that plaintiff's Motion should be granted on the basis of DOL's ruling about sheriffs' performing law enforcement duties. *See* p. 27 *supra*.

Alternately, the *Campbell* court noted that air traffic controllers performed "predominantly nonmanual work that is highly technical and requires special training, experience, and knowledge. Many of their duties require proficiency in working with computers, radar and other technical equipment." *Campbell*, 755 F.Supp. at 896. The court concluded that with the exception of an occasional equipment repair, "it does not appear that plaintiffs perform any manual work." *Id.* Similarly, plaintiff's position specifically requires the manual skills of "physical strength and stamina" involved in "running, stooping, bending, climbing, lifting and carrying heavy objects" Job Description at 7. The plaintiff's

"work environment" is not that of the white collar office worker but rather includes "a wide variety of potentially dangerous" and physically stressful situations. *Id.* Therefore, the description of the Marshal's duties includes a significant amount of manual work and is, therefore, distinguishable from that of air traffic controllers addressed in *Campbell*.

Finally, if the Court should find, as the defendant argues, that plaintiff's duties and responsibilities, as described, are administrative and that they significantly affect the policies and programs, of the Marshals Service, the Department of Justice, other law enforcement agencies and the administration of justice, *see* Defendant's Opposition at 8; *see also* 5 C.F.R. § 551.-205(a), the exemption would swallow the rule. In fact, it would be difficult to isolate a law enforcement officer or public safety official who would then be covered by the FLSA. This is not the interpretation that has, in the past, applied to the administrative exemption, and it is not the interpretation that will be applied in this case.

## VI.

Therefore, the defendant employer has failed to meet the burden of proving the first DOL factor under 29 C.F.R. § 541.2. for administrative exemption; as noted above, all of the factors must be met before an employee may be exempted from the provisions of the FLSA. As a result, the defendant has failed in its burden and it is unnecessary to consider other factors. Accordingly, an accompanying Order will deny defendant's Motion to Dismiss or for Summary Judgment and grant plaintiff's Motion for Partial Summary Judgment.[3]

---

3. The plaintiff, as a U.S. Marshal, is classified as a law enforcement officer as defined in 29 C.F.R. § 553.211(c) and 29 U.S.C. § 207(k). As a result, he is subject to the limitations set forth in Section 207(k) regarding the number of hours for which he would be entitled to overtime compensation.