**J. H. SPRAGUE**

v.

**The UNITED STATES.**

**No. 189–80C.**

United States Court of Claims.

May 5, 1982.

Edward J. Calihan, Jr., Chicago, Ill., atty. of record, for plaintiff.

Robert A. Reutershan, Civil Division, Comm. Lit. BRB, Dept. of Justice, with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D. C., for defendant; Frances L. Nunn, Washington, D. C., of counsel. Edward F. Ward, Jr., and Mason D. Harrell, Jr., U. S. Postal Service, Washington, D. C., of counsel.

Before FRIEDMAN, Chief Judge, and KASHIWA and BENNETT, Judges.

## ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

KASHIWA, Judge:

This civilian pay case is before the court on cross motions for summary judgment. There are no issues of material fact. Defendant has made oral argument, while plaintiff has submitted on his briefs. After fully considering the parties' submissions, we hold for defendant.

Plaintiff Sprague is a former postal inspector. Postal inspectors conduct criminal, civil, and administrative investigations concerning the postal laws. They also perform numerous non-investigative functions such as auditing, training new personnel, maintaining security, and developing and implementing new programs. Postal inspectors are compensated for a 48-hour work week, even when the hours actually worked exceed that figure. This suit seeks compensation for overtime plaintiff allegedly worked between September 10, 1969, and June 16, 1978. We assume for the sake of argument that Sprague worked overtime during the period in issue.

■ Prior to 1970, postal inspectors were specifically excluded from the overtime provisions of 39 U.S.C. §§ 3571 *et seq.* (1964) applicable to other postal employees. *See* 39 U.S.C. § 3575(a)(1964). Similarly, most postal employees, including all postal inspectors, were excluded prior to 1970 from the 5 U.S.C. §§ 5541 *et seq.* (Supp. II 1966) overtime provisions applicable to other federal employees. *See* 5 U.S.C. § 5541(2)(vi) (Supp. II 1966). Sprague's first theory of recovery is that the repeal of these exclusions by the Postal Reorganization Act of 1970, Pub.L.No.91–375, 84 Stat. 719 (1970), mandates that postal inspectors receive overtime compensation for post-1970 years. We disagree.

The provisions of the Postal Reorganization Act, presently codified in 39 U.S.C. §§ 101 *et seq.* (1976),[1] evidence the Congressional determination that postal personnel matters in general, and employee compensation in particular, should be set by the Postal Service and not the Congress. As stated in the Report by the Senate Committee on the Post Office and Civil Service, S.Rep.No.91–912, 91st Cong., 2d Sess. 2 (1970):

> The committee's inquiries and every responsible study show that the Postmaster General is blocked or undercut at every turn by a labyrinth of postal statutes echoing every postal concern, interest, or whim expressed by Congress over a 200-year period. Laws have changed laws and have added to the body of them so that, by accretion, they have multiplied, decade by decade, leaving the Postmaster General bound in his own house. Twist and turn as he may, he cannot function in the public interest as a responsible manager.

*See also id.* at 3–7; Report by the House Committee on the Post Office and Civil Service, H.R.Rep.No.91–1104, 91st Cong., 2d Sess. 1–2, 3, 5 (1970), *reprinted in* [1970–2] U.S.Code Cong. & Ad.News 3649, 3650, 3651, 3653. As a result, 39 U.S.C. § 1003(a) provides in relevant part:

(a) Except as provided under chapters 2 and 12 of this title or other provision of law, the Postal Service shall classify and fix the compensation and benefits of all officers and employees in the Postal Service. It shall be the policy of the Postal Service to maintain compensation and benefits for all officers and employees on a standard of comparability to the compensation and benefits paid for comparable levels of work in the private sector of the economy. * * *

Nothing in chapter 2, 39 U.S.C. §§ 201–208; chapter 12, 39 U.S.C. §§ 1201–1209; or elsewhere in the Postal Reorganization Act limits this broad power to "fix * * * compensation" where overtime labor of postal inspectors is concerned.

As to plaintiff's claim under the provisions of 5 U.S.C. §§ 5541 *et seq.*, which relate to federal employees generally, 39 U.S.C. § 410 provides in relevant part:

§ 410. *Application of other laws*

(a) Except as provided by subsection (b) of this section, and except as otherwise provided in this title or insofar as such laws remain in force as rules or regulations of the Postal Service, no Federal law dealing with public or Federal contracts, property, works, *officers, employees,* budgets, or funds, including the provisions of chapters 5 and 7 of title 5, shall apply to the exercise of the powers of the Postal Service.

(b) The following provisions shall apply to the Postal Service:

(1) section 552 (public information), section 552a (records about individuals), section 552b (open meetings), section 3110 (restrictions on employment of relatives), section 3333 and chapters 71 (employee policies) and 73 (suitability, security, and conduct of employees), section 5520 (withholding city income or employment taxes), and section 5532 (dual pay) of title 5, except that no regulation issued under such chapters or section shall apply to the

---

1. Subsequent statutory references, except as noted, also indicate the 1976 United States Code.

Postal Service unless expressly made applicable; [Emphasis supplied.]

That Congress did not make 5 U.S.C. §§ 5541 *et seq.* specifically applicable to the Postal Service demonstrates the payment of overtime compensation under those provisions is not mandatory. And 39 U.S.C. § 1005(f) provides in relevant part:

§ 1005. *Applicability of laws relating to Federal employees*

\*  \*  \*  \*  \*  \*

(f) Compensation, benefits, and other terms and conditions of employment in effect immediately prior to the effective date of this section, whether provided by statute or by rules and regulations of the former Post Office Department or the executive branch of the Government of the United States, shall continue to apply to officers and employees of the Postal Service, until changed by the Postal Service in accordance with this chapter and chapter 12 of this title. \* \* \*

As we have set out, the nonpayment of overtime compensation was, prior to the Postal Reorganization Act, clearly a feature of employment as a postal inspector. *See* 39 U.S.C. § 3575(a) (1964), *supra*; 5 U.S.C. § 5541(2)(vi) (Supp. II 1966), *supra*. After the Postal Reorganization Act, the nonpayment of overtime compensation to postal inspectors was to continue, under 39 U.S.C. § 1005(f), "*until changed by the Postal Service.*" (Emphasis supplied.) The Postal Service has never made such a change; instead, its regulations consistently have provided that postal inspectors remain ineligible for overtime compensation. *See, e.g.,* United States Postal Service Employee and Labor Relations Manual § 434.143c (April 1, 1978); United States Postal Service Headquarters Circular No. 77–5, § IV.D.1 (March 18, 1977). *See generally* United States Postal Manual § 755.151b (March 10, 1969); 39 C.F.R. § 211.4(c) (1981) and predecessor provisions. The inescapable conclusion is that the Postal Reorganization Act simply does not mandate postal inspectors receive overtime compensation. We so hold.

Plaintiff alternatively suggests the distinction thus drawn between postal inspectors and other federal employees who may receive overtime compensation is constitutionally invalid. We dealt with this constitutional issue in *Forster v. United States*, 209 Ct.Cl. 733, 538 F.2d 347, *cert. denied*, 429 U.S. 921, 97 S.Ct. 319, 50 L.Ed.2d 289 (1976). We there wrote:

\* \* \* Plaintiffs are retired postal inspectors who seek payment for uncompensated overtime. They contend they were denied equal protection because other Civil Service employees are compensated for overtime. Both prior to and subsequent to the Postal Reorganization Act of 1970, postal inspectors were paid on the basis of a 48-hour week instead of overtime pay.

The postal field service, of which plaintiffs were a part, is properly classified as a separate entity for compensation purposes. It is unique, a fact long recognized by Congress. The exclusion of the postal field service from application of [5 U.S.C. §§ 5541 *et seq.*] is based upon a reasonable appreciation of this uniqueness.

Only an invidious discrimination violates equal protection. *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 359, 93 S.Ct. 1001, 1003, 35 L.Ed.2d 351 (1973); *Williamson v. Lee Optical, Inc.*, 348 U.S. 483, 489, 75 S.Ct. 461, 465, 99 L.Ed. 563 (1955). There is no such discrimination here. [209 Ct.Cl. at 733–734, 538 F.2d 347.]

*Accord: Locker v. Bolger*, Civ.Act.No.79–0671 (D.D.C., Nov. 2, 1979, slip op. at 3), *aff'd*, 644 F.2d 39 (D.C.Cir.1981). *Forster, supra*, obviously requires us to reject plaintiff's constitutional claim.

Plaintiff Sprague also claims entitlement to overtime benefits under the Fair Labor Standards Act of 1938, ch. 676, 52 Stat. 1060 (1938), presently codified at 29 U.S.C. §§ 201 *et seq.* Plaintiff's theory is that he was a "law enforcement officer" within the meaning of 29 U.S.C. § 207(k). *See generally Beebe v. United States*, 226 Ct.Cl. ——, ——, 640 F.2d 1283, 1288–1289 (1981).

We assume *arguendo* postal inspectors are law enforcement officers within the meaning of 29 U.S.C. § 207(k). The Fair Labor Standards Act, however, exempts certain types of employees from the overtime provisions of 29 U.S.C. § 207. Relevant here is the exemption in 29 U.S.C. § 213(a)(1) for "administrative" employees. In pertinent part, that statute provides:

(a) *Minimum wage and maximum hour requirements*

The provisions of sections 206 (except subsection (d) in the case of paragraph (1) of this subsection) and section 207 of this title shall not apply with respect to—

(1) any employee employed in a bona fide executive, administrative, or professional capacity * * * (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of subchapter II of chapter 5 of title 5, * * *);

The defining regulations are at 29 C.F.R. §§ 541.0–541.602 (1981).[2] Under those regulations, an employee earning in excess of $250 per week is employed in an administrative capacity if the employee's primary duty relates to the general business operations of his employer and "includes work requiring the exercise of discretion and independent judgment, * * *." 29 C.F.R. § 541.2(e)(2). *See also* 29 C.F.R. § 541.214; 29 C.F.R. § 541.205. It is undisputed postal inspectors all earn in excess of $250 per week.

In 1976, the Postal Service sought a determination from the Wage and Hour Division, Department of Labor, whether postal inspectors were administrative employees within the meaning of 29 U.S.C. § 213(a)(1). The submissions accompanying that request detailed the specific information the Wage and Hour Division, in preliminary conferences, had indicated it would need to decide the postal inspectors' status. In relevant part, the Wage and Hour Division concluded:

Based on our review of the information submitted, it is our view that the Postal

Inspectors, all of whom meet the "upset" salary test of section 541.2(e)(2) of the basic tests (guarantee of at least $250 per week) would qualify as exempt "administrative" employees under the special proviso for high salaried "administrative" employees as discussed in explanatory material found in section 541.214 of the Regulations. Such employees appear to have as their primary duty the performance of work directly related to the general business operation of their employer, including the exercise of discretion and judgment. [Letter from Ronald James, Administrator of the Wage and Hour Division, to C. Neil Benson, Chief Inspector, United States Postal Service (December 27, 1976).]

Plaintiff advances two related reasons why the Wage and Hour Division's decision should be disregarded and entitlement to overtime compensation found: (1) by considering postal inspectors as a class, the Wage and Hour Division mischaracterized those postal inspectors who do only law enforcement work, and (2) the Postal Service submissions were an inadequate basis for decision.

Of course, the construction of a statute by those charged with its execution should be followed unless there are compelling indications the agency is wrong. *Red Lion Broadcasting Co. v. Federal Communications Commission*, 395 U.S. 367, 381 & n.9, 89 S.Ct. 1794, 1802 & n.9, 23 L.Ed.2d 371 (1969); *see, e.g., Miller v. Youakim*, 440 U.S. 125, 144 & n.25, 99 S.Ct. 957, 968 & n.25, 59 L.Ed.2d 194 (1979). Moreover, considerable deference should be accorded an agency's interpretation of regulations it has promulgated. *Udall v. Tallman*, 380 U.S. 1, 16–17, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965).

In the present case, the Postal Service submissions to the Wage and Hour Division are a part of the record. Our review of those submissions and the controlling regulations suggests no result different from that reached by the Wage and Hour Divi-

---

2. Earlier versions of the regulations are not materially different and for simplicity's sake, subsequent regulatory references, except as noted, also indicate the 1981 C.F.R.

sion. The submissions contain job descriptions and a detailed analysis of postal inspectors' overall responsibilities. Contrary to what plaintiff claims, those submissions do not overlook or discount postal inspectors' law enforcement work, but instead emphasize the considerable judgment and discretion all postal inspectors must exercise to discharge their duties. We find the submissions provide a more than adequate basis on which to conclude postal inspectors, even those engaged in "pure" law enforcement roles, are administrative employees within the meaning of 29 U.S.C. § 213(a)(1). That the Wage and Hour Division requested only certain information to determine the postal inspectors' status is little more than a reflection of its 40-year experience in interpreting the administrative employee exemption. Our conclusion, that the exemption of 29 U.S.C. § 213(a)(1) is applicable to postal inspectors, is identical with that reached by the other federal courts which have addressed the issue. *See Locker v. Bolger, supra; Dymond v. United States Postal Service,* 670 F.2d 93, at 96 (8th Cir. 1982), *affirming* 515 F.Supp. 396 (E.D.Mo.1981).

## CONCLUSION

It follows from the foregoing that plaintiff has no claim for overtime compensation, whether founded on 5 U.S.C. §§ 5541 *et seq.* or 29 U.S.C. §§ 201 *et seq.* Defendant's cross motion for summary judgment should be and is hereby granted. Plaintiff's motion for summary judgment should be and is hereby denied. The petition is dismissed.