**NOT FOR PUBLICATION**



FILED

MAY 11 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADIL LAHRICHI, | No. 06-35382 |
| Plaintiff - Appellant, | D.C. No. CV-04-02124-JCC |
| v. | |
| LUMERA CORPORATION, a Delaware corporation; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted April 12, 2011[**]
Seattle, Washington

Before: KLEINFELD, TASHIMA, and SILVERMAN, Circuit Judges.

Adil Lahrichi appeals the district court's grant of summary judgment to

Lumera Corporation on his Title VII and 42 U.S.C. § 1981 claims, and claims of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

negligent and intentional infliction of emotional distress, as well as the grant of summary judgment to Microvision on Lahrichi's negligent supervision claim.

A grant of summary judgment is reviewed de novo. Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004). This court views the evidence in the light most favorable to Lahrichi to determine if there was "no genuine issue as to any material fact and whether the defendants were entitled to judgment as a matter of law." Crowe v. Cnty. of San Diego, 608 F.3d 406, 427 (9th Cir. 2010) (quoting Mueller v. Auker, 576 F.3d 979, 991 (9th Cir. 2009)).

The district court was correct in granting summary judgment on Lahrichi's Title VII and § 1981 claims. Under Title VII, a plaintiff can either establish a prima facie case under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), or "simply produce direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated" the employer. McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1122 (9th Cir. 2004). Lumera has provided a legitimate, nondiscriminatory reason for Lahrichi's termination that Lahrichi fails to show is pretextual. Therefore, "[u]nder either approach," Lahrichi "must produce some evidence suggesting that"

2

Lumera's action "was due in part or whole to discriminatory intent." McGinest, 360 F.3d at 1122. Lahrichi has failed to produce evidence of discriminatory intent. Similarly, Lahrichi's 42 U.S.C. § 1981 claim fails because Lahrichi failed to produce evidence of discriminatory intent. Gay v. Waiters' & Dairy Lunchmen's Union, 694 F.2d 531, 539 (9th Cir. 1982).

Lahrichi's claims of intentional infliction of emotional distress and negligent infliction of emotional distress were properly dismissed. Lumera's CEO Thomas Mino did not owe Lahrichi a duty of care under Washington law. In Washington, "employers do not owe employees a duty to use reasonable care to avoid the inadvertent infliction of emotional distress when responding to workplace disputes." Snyder v. Med. Serv. Corp. of E. Wash., 35 P.3d 1158, 1163-64 (Wash. 2001). Additionally, no reasonable jury could find that Mino's behavior during Lahrichi's termination was "outrageous" as defined in Birklid v. Boeing, 904 P.2d 278, 286 (Wash. 1995).

Because the above claims fail, there is no underlying injury Lahrichi can prove at trial to support his negligent supervision claim. Under Washington law, Lahrichi must establish that he was injured, and then (1) that Mino was acting

3

outside the scope of his employment, (2) that Mino presented a risk of danger or harm, (3) that Microvision knew or should have known that Mino posed such a risk to Lahrichi, and (4) that Mino proximately caused Lahrichi's injuries. Niece v. Elmview Group Home, 929 P.2d 420, 426-28 (Wash. 1997). Since there was no underlying injury, the district court was correct in granting Lumera summary judgment as to Lahrichi's negligent supervision claim.

Lahrichi's procedural claims fail, as well. The district court did not abuse its discretion when it permitted Lumera to amend its answer. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). The amendment of the answer did not cause Lahrichi undue prejudice, was not be sought in bad faith, and did not constitute an exercise in futility. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). The district court did not abuse its discretion by ordering production of Lahrichi's medical records and bank records. Nigg v. U.S. Postal Serv., 555 F.3d 781, 790 (9th Cir. 2009) (citing United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002)). The district court did not abuse its discretion in finding that Lahrichi's medical records were not protected by psychotherapist-patient privilege, because when a plaintiff puts his emotional condition at issue during a trial, he waives privilege protecting his psychological

4

records.  Maynard v. City of San Jose, 37 F.3d 1396, 1402 (9th Cir. 1994).  This court gives "wide latitude" to the district court's authority on discovery sanctions.  Hoffman v. Constr. Protective Servs., Inc., 541 F.3d 1175, 1178 (9th Cir. 2008).  The district court did not abuse its discretion by imposing discovery sanctions when Lahrichi failed to comply with the discovery orders.  Id.

The district court did not abuse its discretion in denying Lahrichi's motion to re-tax costs, because there is a presumption in favor of taxing costs to the losing party, and Lahrichi did not demonstrate indigence and did not show misconduct by Lumera.  Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999).

Regarding the redaction motion, a district court has broad discretion in deciding whether to modify protective orders.  Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc., 62 F.3d 1217, 1219 (9th Cir. 1995).  The district court did not abuse that discretion.

**AFFIRMED.**