**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT NIGG, As private attorney general on behalf of himself and all others similarly situated; KEITH LEWIS, As private attorney general on behalf of himself and all others similarly situated, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> UNITED STATES POSTAL SERVICE, <br><br> Defendant - Appellee. | No. 12-55337 <br><br> D.C. No. 8:03-cv-01611-JVS-AN <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted November 6, 2013[**]
Pasadena, California

Before: McKEOWN, GOULD, and BYBEE, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Robert Nigg and Keith Lewis (collectively, "Nigg") appeal from the entry of judgment in favor of the United States Postal Service ("USPS") following a bench trial in an action on behalf of themselves and other similarly situated postal inspectors seeking overtime pay pursuant to the Fair Labor Standards Act ("FLSA"). Nigg previously appealed from the district court's grant of summary judgment to USPS, and we reversed and remanded the case to the district court for consideration of "(1) whether any employees of the executive branch who are eligible to receive FLSA over-time perform work comparable to that of the inspectors, and (2) whether the inspectors satisfy any FLSA exemption or are entitled to FLSA overtime." *Nigg v. USPS*, 555 F.3d 781, 783 (9th Cir. 2009).

Nigg appeals from the district court's findings of fact and conclusions of law: (i) that the postal inspectors are not entitled to overtime pay based on the Postal Comparability Statute, 39 U.S.C. § 1003(c); (ii) that the administrative exception to the FLSA, 29 U.S.C. § 213(a), applies to the postal inspectors; (iii) that the highly-compensated exception to the FLSA, 29 C.F.R . § 541.601, applies to the postal inspectors; and (iv) that the good faith defense to the FLSA, 29 U.S.C. § 259(a), applies based on USPS's reliance on an opinion letter from the Department of Labor to the Chief Postal Inspector advising that postal inspectors are exempt from FLSA overtime pay requirements pursuant to 29 U.S.C. § 213(a)

2

and 29 C.F.R . § 541.601.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and adopt the well-reasoned decisions of the district court.

Nigg also appeals from several orders of the district court: (i) excluding proposed expert testimony; (ii) preventing the addition of witnesses shortly before trial; (iii) allowing USPS to amend its answer; (iv) allowing a modification of the scheduling order; and (v) dismissing postal inspector team leaders from the putative class.  These claims are without merit.

**AFFIRMED.**