**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARGARET A. HOFFMAN, an
individual, for herself and on
behalf of all others similarly
situated; DANIEL LOPEZ,
                        *Plaintiffs,*

   and

MIAN ALAM; GREAN RASHOD
ANDERSON; PETER BAKER; ROBERT
BOLDS; WILLIE BRACKENS; SANDRA
BRATTON; ROBERT BRIGGS; MICHAEL
BROWN; DANIEL BUERMAN; MARK
BURNS; JEANNE BYRON; WILSON
CAYLAN; JESUS CHACON; DOMINIC
CLESCERI; ALEJANDRO COBIAN;
SAMUEL CONSTON; DAVID CORDE;
ALFREDO FERNANDEZ; CHRISTINE
FLEMING; RUDY FLORES; JOSEPH
GHATTAS; ADRIAN GRIFFIN; TIANNA
HALE; MELISSA HALSELL; RALPH
HARRIS; MICHAEL HAWKINS TREVOR
JACOBS; LEON JOHNSON; ROBERT
KIMES; TONIE KING DENNIS
KJELDGAARD; JEMAL LILLY; ANDY
MACGUIRE; FLOYD MASKER; JOSEPH
MELERO; HERBERT MILLER; TYRONE
MORRIS; CLARK MOSES; VERONIKA
MULIPOLA; NEIL NELSON; ISIDRO
OLIVARES; JESUS ORTIZ; PHILLIP
OWINGS; TIMOTHY OWINGS; PAUL
REICHERT; TOMMY REQUEJO;

No. 06-56380

D.C. No.
CV-03-01006-VAP

12969

JOSEPHINE REYNOSO; ERIC SANCHEZ;
CHRISTOPHER SMITH; BETTY
TAYLOR; FLOYD THOMAS; SCOTT
TUDEHOPE; ANTELMO VILLANUEVA;
JUAN VILLEGAS; MICHAEL VINTA;
EMMANUEL VORGEAS; LARRY
WALLS; ALEXANDER WARREN;
DENNIS WEINTZ; JEREMY WILLIAMS;
WALTER WILLIAMS, SR.,
individually and on behalf of all
others similarly situated,
                        *Appellants,*

                    v.

CONSTRUCTION PROTECTIVE
SERVICES, INC., a California
corporation,
                *Defendant-Appellee.*

MARGARET A. HOFFMAN, an
individual, for herself and on
behalf of all others similarly
situated,
                        *Plaintiff,*

                and

DANIEL LOPEZ,
                *Plaintiff-Appellant,*

                    v.

CONSTRUCTION PROTECTIVE
SERVICES, INC., a California
corporation,
                *Defendant-Appellee.*

No. 06-56381
D.C. No.
CV-03-01006-VAP

MARGARET A. HOFFMAN, an
individual, for herself and on
behalf of all others similarly
situated,
            *Plaintiff-Appellant,*

            and

DANIEL LOPEZ,

                        *Plaintiff,*

            v.

CONSTRUCTION PROTECTIVE
SERVICES, INC., a California
corporation,
            *Defendant-Appellee.*

No. 06-56382

D.C. No.
CV-03-01006-VAP

MARGARET A. HOFFMAN, an
individual, for herself and on
behalf of all others similarly
situated, DANIEL LOPEZ,
            *Plaintiffs-Appellants,*

            v.

CONSTRUCTION PROTECTIVE
SERVICES, INC., a California
corporation,
            *Defendant-Appellee.*

No. 07-55135

D.C. No.
CV-03-01006-VAP

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted
July 16, 2008—Pasadena, California

Filed September 4, 2008
Amended September 16, 2008

Before: Barry G. Silverman, Johnnie B. Rawlinson, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Rawlinson

## COUNSEL

Gregory G. Petersen (briefed and argued) and Susan M. Wilson (briefed), Jackson, Demarco, Tidus & Peckenpaugh, Irvine, California, for the appellants.

Jim D. Newman, Knee, Ross & Silverman LLP, Los Angeles, California, for the appellee.

## ORDER

The opinion filed on September 4, 2008, is amended as follows:

    1.   Slip Opinion page 12313, first full paragraph:

        a.  Line 9 — delete the following sentence in its entirety: "Further, both parties stipulated to the finality of the case."

        b.  Line 10 — Delete "Accordingly," and replace "we" with "We."

        c.  Line 14 — add a parenthesis and a period after "action" and remove the rest of the sentence.

## OPINION

RAWLINSON, Circuit Judge:

In this opinion, we resolve whether the district court erred in precluding the admission of evidence regarding damages as a sanction under Federal Rule of Civil Procedure (Rule) 37 for failure to disclose damage calculations under Rule 26(a).

We conclude that the district court did not abuse its discretion and affirm on this issue. The remaining issues in this case are resolved in a contemporaneously filed memorandum disposition.

## I.

## BACKGROUND

Appellants Margaret Hoffman and Daniel Lopez were the lead plaintiffs in an action brought against Appellee Construction Protective Services, Inc. (CPS), alleging a violation of the Fair Labor Standards Act (FLSA), and various provisions of the California Labor Code. An opt-in class was created under provisions of the FLSA, resulting in the Opt-In Plaintiffs joining the lawsuit.

Although the parties proceeded with conducting discovery, at no time prior to trial did Hoffman and Lopez disclose damage calculations either for each individual Opt-In Plaintiff other than themselves or for the group as a whole. Prior to trial, CPS filed a motion *in limine* to exclude evidence not produced pursuant to Rule 26.

At the pre-trial conference, the court was expecting to proceed to trial on the claims of approximately sixty-six plaintiffs, including the Opt-In Plaintiffs. The number of plaintiffs concerned the court, a concern that grew as the court began to realize that Hoffman and Lopez's counsel did not have a solid understanding of his clients' damages.

Based on the confusion over damages and the court's concerns, the court decided to take the motion *in limine* to exclude evidence under submission. The court was then presented with an oral motion to sever Hoffman's and Lopez's claims from those of the Opt-In Plaintiffs and allow the trial to proceed as scheduled on the severed claims. The court con-

tinued the pre-trial conference to allow the parties to determine whether the case could be tried as scheduled.

Three days later, the court reconvened the pre-trial conference. The court began by noting its decision to exclude from trial all evidence of damages not relating to Hoffman and Lopez. The court then determined that it would be appropriate to sever Hoffman's and Lopez's claims from those of the Opt-In Plaintiffs due to potential factual differences relating to the claims brought under California law.

The court issued a written ruling on February 21, 2006. Its conclusions were consistent with the rulings made at the pre-trial conference, including the exclusion of damages evidence. The court made no mention of the severance or its potential effect on the upcoming trial. Trial began the same day, with the jury ultimately returning partial verdicts in favor of Hoffman and Lopez.

Hoffman, Lopez and the Opt-In Plaintiffs (collectively, Plaintiffs) appeal the exclusion of damages evidence and the award of attorney's fees.

## II.

## STANDARDS OF REVIEW

Evidentiary rulings are reviewed for an abuse of discretion. *Engquist v. Oregon Dept. Of Agric.*, 478 F.3d 985, 1008 (9th Cir. 2007). Additionally, "we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citation omitted).

III.

DISCUSSION

A.   Jurisdiction

We note at the outset that we have jurisdiction over this appeal. Prior to oral argument, our jurisdiction was not clear. *See McSherry v. Long Beach*, 423 F.3d 1015, 1022 (9th Cir. 2005), *as amended* (citations omitted) ("[P]reliminary evidentiary rulings are not final decisions reviewable under 28 U.S.C. § 1291."). However, at oral argument, counsel for Appellants provided this court with a minute order from the district court closing the case effective September 1, 2006. We possess jurisdiction over the evidentiary ruling as a final order of the district court. *See* 28 U.S.C. § 1291; *see also Nat'l Distribution Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 434 (9th Cir. 1997) (providing that an order is final if the district court intended no further action).

B.   Due Process

**[1]** Plaintiffs argue that the district court's failure to enforce Local Rule 37-1 violated their due process rights by denying them a meaningful opportunity to respond to CPS's motion *in limine*. However, Plaintiffs were provided with a copy of the motion as well as an opportunity, which was taken, to file a brief in opposition and argue the motion before the district court. The basic requirements of due process were satisfied. *See generally*, *Schneider v. San Diego*, 28 F.3d 89, 92 (9th Cir. 1994), *as amended* (stating that due process requires "notice and an opportunity to be heard at a meaningful time and in a meaningful manner") (citation and internal quotation marks omitted).

**[2]** No pre-motion meeting was required in this instance. Local Rule 37-1 provides: "Prior to the filing of any motion relating to discovery pursuant to F.R.Civ.P. 26-37, counsel for

the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." To the extent that Local Rule 37-1 applies, it must "be consistent with—but not duplicate— federal statutes and rules." Fed. R. Civ. P. 83(a)(1).

**[3]** Rule 37(c)(1) provides that a party failing to provide information required by Rule 26(a) or (e) "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." As such, CPS's motion *in limine* was not a motion "relating to discovery pursuant to [Rules] 26-37." Local Rule 37-1. Rather, it was a motion relating to sanctions pursuant to Rule 37. Any local rule requiring a conference prior to the court's imposition of sanctions under Rule 37(c) would be inconsistent with Rule 37(c) and, therefore, unenforceable.

## C   Granting of Motion In Limine To Exclude Evidence of Undisclosed Damages

**[4]** Rule 26(a)(1)(A)(iii) requires the disclosure of "a computation of each category of damages claimed by the disclosing party." Rule 26(e)(1)(A) requires disclosing parties to supplement their prior disclosures "in a timely manner" when the prior response is "incomplete or incorrect." "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti*, 259 F.3d at 1106 (footnote reference omitted).

**[5]** Under Rule 37, exclusion of evidence not disclosed is appropriate unless the failure to disclose was substantially justified or harmless. *Id.* at 1106. Plaintiffs assert that they were substantially justified in failing to disclose damage computations for each opt-in plaintiff because the law is unsettled as to the obligation to disclose such information on an individual basis in FLSA opt-in class of actions. Although the district

court accepted Plaintiffs' argument that the right to individualized discovery in this context remains unsettled, *compare Adkins v. Mid-American Growers, Inc.*, 143 F.R.D. 171, 174 (N.D. Ill. 1992) (precluding individual discovery in FLSA case as inappropriate under the circumstances) *with Krueger v. N.Y. Tel. Co.*, 163 F.R.D. 446, 451 (S.D.N.Y. 1995) (permitting individualized discovery relating to damages in opt-in class action), their argument ignores the fact that each individual opt-in plaintiff was also proceeding on multiple state law causes of action that were not included in the class action. As to those causes of action, Plaintiffs have cited no case, and there appears to be none, to support the argument that disclosure on an individual basis was not required. *Cf.* Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring disclosure by each party of "a computation of each category of damages claimed"). Disclosure of damage calculations was mandated under Rule 26(a) and the Opt-In Plaintiffs' failure to disclose was not substantially justified.

**[6]** Plaintiffs argue in the alternative that any failure to disclose was harmless because of the district court's decision to sever the claims of the Opt-In Plaintiffs. We disagree. Later disclosure of damages would have most likely required the court to create a new briefing schedule and perhaps re-open discovery, rather than simply set a trial date. Such modifications to the court's and the parties' schedules supports a finding that the failure to disclose was not harmless. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005), *as amended*. It was eminently reasonable for the court to require full disclosure of damages for the entire case.

**[7]** Finally, we reject the notion that the district court was required to make a finding of willfulness or bad faith to exclude the damages evidence. To the contrary, the portion of Rule 37 relied on by the district court has been described as "a self-executing, automatic sanction to provide a strong inducement for disclosure of material." *Yeti*, 259 F.3d at 1106 (citation, alterations and internal quotation marks omitted).

The implementation of the sanction is appropriate "even when a litigant's entire cause of action . . . [will be] precluded." *Id.* (citation omitted). Because the district court acted within its discretion when it precluded presentation of undisclosed evidence of damages, we affirm the ruling of the district court.

**Affirmed.**