**FRONTLINE MEDICAL
ASSOCIATES, INC.**

v.

**COVENTRY HEALTH CARE et al.**

**No. CV 09–3274–GHK (AGR).**

United States District Court,
C.D. California.

Nov. 6, 2009.

Drew E. Pomerance, Erin Michelle Labrache, Roxborough Pomerance Nye and Adreani LLP, Woodland Hills, CA, for Frontline Medical Associates, Inc.

Damian D. Capozzola, Daniel P. Jett, Epstein Becker and Green PC, Los Angeles, CA, for Coventry Health Care et al.

ALICIA G. ROSENBERG, United States Magistrate Judge.

On October 15, 2009, Defendants filed a motion to compel and sanctions or, in the alternative, motion to preclude evidence and sanctions or, in the alternative, motion for terminating sanctions. (Dkt.Nos.49–50.) On October 27, 2009, Defendants filed a supplemental memorandum. (Dkt. No. 62.)

This matter is appropriate for adjudication without oral argument. Fed.R.Civ.P. 78; Local Rule 7–15.

Defendants contend that Plaintiff failed to include in its Initial Disclosure "a computation of each category of damages" and failed to "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed.R.Civ.P. 26(a)(1)(A)(iii).

■ Defendants seek sanctions. Rule 37(c)(1) provides, in pertinent part, that a party which, "without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." [1] Fed.R.Civ.P. 37(c)(1). The sanction is "a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material.' " *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir.2001). No showing of bad faith or willfulness is required. *Id.* No showing of prejudice to the opposing party is required. *Torres v. City of Los Angeles,* 548 F.3d 1197, 1213 (9th Cir. 2008).

■ The party facing sanctions bears the burden of showing that its failure to comply with Rule 26(a), Rule 26(e)(1), or Rule 26(e)(2) is justified or harmless. *Yeti,* 259 F.3d at 1107; *see Hoffman v. Construction Protective Services, Inc.,* 541 F.3d 1175 (9th Cir.2008); *Wong v. Regents of the University of California,* 410 F.3d 1052 (9th Cir.2005).

### A. Computation of Each Category of Damages

Plaintiff contends that its initial disclosures contain "both the amount of damages that it currently believes to have suffered as well as the method that Frontline utilized to arrive at that amount." (Joint Stipulation (JS) at 2.) Plaintiff is incorrect.

*Initial Disclosure dated September 8, 2009.* Plaintiff's Initial Disclosure described damages as follows: "Damages arising out of Defendants wrongful termination and exclusion of Frontline from their MPNs are estimated at 40%–50% total loss of gross yearly revenue, but this percentage is subject to fluctuation as additional damages will be accrued as long as Plaintiff continues to be excluded from the MPNs. Frontline is currently working to quantify this amount and will supplement its disclosure as soon as the information is available. All documents upon which Frontline basis its damages will be made available to Defendants, except those documents that are protected by applicable privileges." (Exh. B at 4 to Capozzola Decl.)

*Supplemental Initial Disclosure dated September 17, 2009.* After a meet and confer, Plaintiff's Supplemental Initial Disclosure stated: "Frontline calculated all of its gross revenues from all sources for calendar year 2008.... Frontline then went back and determined the amount of revenue that First Health Network accounts for on a percentage basis relative to all of the other sources of business." Having calculated that First Health Network accounted for 30% to 33% of all revenues derived by Frontline during the relevant period, Frontline concluded that, based on 2008, First Health would be responsible for $5.8 to $6.5 million on an annual, going forward basis. (Exh. D to Capozzola Decl.)

*Second Supplemental Initial Disclosure dated October 17, 2009.* Plaintiff's Second Supplemental Initial Disclosure stated that "Frontline's damages consist of two components: (1) lost revenue from inability to service Defendants' participants; and (2) consequential lost revenue as a result of removal from Defendants' MPN." (Exh. D to La-Brache Decl.)

The first component "consists primarily of three factors: (1) loss of earnings from surgeries; (2) loss of earnings from medical

---

1. A party must supplement or correct its Initial Disclosure or interrogatory responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or

corrective information has not otherwise been made known to the other parties during the discovery process or in writing" or as ordered by the court. Fed.R.Civ.P. 26(e).

treatment; and (3) loss of earnings from medications." Plaintiff states that its billing service is compiling these amounts. However, "[t]he lost profit analysis requires expert analysis, and is beyond the capability of Plaintiff's billing services." Plaintiff provides "an estimation of lost profits derived as a result of Defendants' termination of Frontline's participation in their MPN based on the information currently available." Plaintiff repeated the analysis stated in the First Supplemental Initial Disclosure. (*Id.*)

Plaintiff listed two other categories of damages, consequential damages and damage to reputation. Plaintiff stated that it was not in possession of sufficient information to quantify consequential damages, which it described as lost referrals to other providers. Plaintiff stated that damage to reputation will be subject to expert evaluation and opinion. (*Id.*)

"Rule 26 does not elaborate on the level of specificity required in the initial damages disclosure." *City & County of San Francisco v. Tutor–Saliba Corp.*, 218 F.R.D. 219, 220 (N.D.Cal.2003). Caselaw provides additional guidance. "Plaintiff should provide its assessment of damages in light of the information currently available to it in sufficient detail so as to enable each of the multiple Defendants in this case to understand the contours of its potential exposure and make informed decisions as to settlement and discovery." *Id.* at 221.

■ Here, Plaintiff's complaint alleged damages under three causes of action for breach of contract, violation of fair procedure, and interference with prospective economic advantage. (Complaint ¶¶ 36, 50, 55–56, Dkt. No. 1.) Plaintiff's initial disclosure, therefore, should disclose a computation of each category of damages attributable to each cause of action. *Id.* at 222 (aggregation of damages for all claims insufficient).

Plaintiff's Second Supplemental Initial Disclosure articulates three categories of damages: lost profits or lost earnings, conse-

quential damages and damage to reputation. (Exh. D to LaBrache Decl.)

As to the first category, Plaintiff must disclose whether it is seeking lost profits or lost earnings. " 'Net profits are gains made from sales "after deducting the value of the labor, materials, rents, and all expenses", together with the interest of the capital employed.' " *Kids' Universe v. In2Labs*, 95 Cal. App.4th 870, 884, 116 Cal.Rptr.2d 158 (2002) (citation omitted). Lost profits are "not just loss of gross revenue." *Id.*

■ Once Plaintiff chooses lost profits or lost earnings, a computation of damages requires "some analysis; for instance, in a claim for lost wages, there should be some information relating to hours worked and pay rate." *Tutor–Saliba*, 218 F.R.D. at 221. Plaintiff's Second Supplemental Initial Disclosure is deficient. Plaintiff does not identify the time period for which it is claiming damages. Assuming Plaintiff seeks damages for First Health's decision to remove Plaintiff from its Medical Provide Network as of March 20, 2009 (Complaint ¶ 20), Plaintiff does not explain its computation of lost gross revenues. Although Plaintiff states that it is calculating gross revenues for calendar year 2008, Plaintiff does not state what it will do with those numbers in order to calculate lost gross revenues during the relevant time period.[2] If Plaintiff intends to seek lost profits, it should also state its computation of expenses and lost profits. Simply producing financial statements without this type of explanation is not sufficient. "[B]y its very terms Rule 26(a) requires more than providing—without any explanation—undifferentiated financial statements; it requires a 'computation,' supported by documents." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir.2006).

■ Plaintiff's ***precise*** method of calculation need not be disclosed to the extent the method is properly the subject of expert testimony and the parties will be turning over expert evidence in the future. *See Tutor–Saliba*, 218 F.R.D. at 222. On the other

---

**2.** As an example only, if Plaintiff intends to compare gross revenues in 2008 and early 2009 to gross revenues after March 20, 2009, Plaintiff should so state. If Plaintiff will rely on billings

rather than collections in the post-March 2009 time frame (LaBrache Decl. ¶ 6), Plaintiff should so state and provide the information.

hand, "[a] party is not excused from making its disclosures because it has not fully investigated the case." Fed.R.Civ.P. 26(a)(1)(E). Future expert analysis does not relieve Plaintiff of its obligation to provide information reasonably available to it as to gross revenues, expenses and any other component of its lost profits computation.[3] *See Tutor–Saliba*, 218 F.R.D. at 222 (initial damages disclosure "is merely a preliminary assessment and is subject to revision").

As to the second and third categories (consequential damages and damage to reputation), Plaintiff's Second Supplemental Initial Disclosure is clearly deficient. Plaintiff states only that the consequential damages claim will be based on lost referrals. Plaintiff provides no computation whatsoever as to either category. (Exh. D to LaBrache Decl.) Again, expert analysis does not relieve Plaintiff of its obligation to investigate and provide information reasonably available to it, for example, as to lost referrals after being terminated from the MPNs at issue.

### B. Documents

Plaintiff states that its initial disclosures identify "all documents upon which it was going to rely for assessing damages, as well as the parties in possession of the documents." (JS at 2.) Based on the record before the court, Plaintiff appears to have identified only the billing and collection records. (Pomerance Decl. ¶¶ 2, 9–10; LaBrache Decl. ¶¶ 2–3.) There is no indication that Plaintiff has identified or produced documents as to expenses, referrals or any other factor on which each computation is based.

### C. Request for Sanctions

After the joint stipulation was filed, the District Judge issued an order extending the fact discovery cut-off date to February 26, 2009. (Dkt. No. 61.) Harmlessness may be established if a disclosure is made sufficiently in advance of the discovery cut-off date to permit the opposing party to conduct discovery and defend against the damages claims. Defendants' motion for sanctions is denied without prejudice at this stage of the proceedings.

IT IS HEREBY ORDERED that Defendants' motion is GRANTED IN PART as follows:

1. On or before November 25, 2009, or another date mutually agreed by the parties, Plaintiff shall serve a Third Supplemental Initial Disclosure which contains a computation of each category of damages for each cause of action.

2. On or before November 25, 2009, or another date mutually agreed by the parties, Plaintiff shall make available for inspection and copying as under Rule 34 the non-privileged documents, then reasonably available to it, on which each computation in its Third Supplemental Initial Disclosure is based.

3. On or before December 4, 2009, the parties shall meet and confer regarding the sufficiency of Plaintiff's Third Supplemental Initial Disclosure, including document issues. If there remains a dispute, counsel for defendants shall call the Clerk on December 4, 2009 to request a hearing and shall file a copy of the Third Supplemental Initial Disclosure on or before December 7, 2009. Unless otherwise ordered, no further briefing is required.

4. Defendants' motion for sanctions is DENIED WITHOUT PREJUDICE.

5. The hearing date of November 10, 2009 is VACATED.

---

**3.** Plaintiff objects to Defendants' proposed format of an initial damages disclosure. Plaintiff is correct that Defendants cannot dictate the manner in which Plaintiff computes damages.