**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONNA HOFFMAN, | No. 08-16166 |
| Plaintiff - Appellant, | D.C. No. CV-04-05714-AWI-DLB |
| v. | |
| KENT TONNEMACHER, M.D.; et al., | MEMORANDUM [*] |
| Defendants, | |
| and | |
| MEMORIAL MEDICAL CENTER, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Argued and Submitted December 8, 2009
San Francisco, California

Before: TASHIMA, GRABER, and BYBEE, Circuit Judges.

Plaintiff Donna Hoffman appeals from the summary judgment entered in

favor of Defendant Memorial Medical Center on her suit under the Emergency

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd(a). We affirm in part and reverse in part.[1]

1. Plaintiff first asserts that the district court erred in granting summary judgment against her. We review de novo. Corales v. Bennett, 567 F.3d 554, 562 (9th Cir. 2009). The district court erred because Dr. Goldman's testimony created a genuine issue of material fact as to causation. Dr. Goldman testified that it was more likely than not that a complete blood count would have returned an abnormal result, which would have led to immediate hospitalization and prompt administration of antibiotics. She also testified that antibiotics, if given to Plaintiff at the time of her first visit to the emergency room, more likely than not would have been able to reverse Plaintiff's systemic inflammatory response syndrome. Because we conclude that the causation issue precluded summary judgment, we need not and do not decide whether "early goal-directed therapy" may constitute screening for purposes of the Emergency Medical Treatment and Active Labor Act.

2. Plaintiff also argues that the district court erred by modifying the pretrial order first to allow Defendant to add an expert witness and again to allow

---

[1]We address one issue in Plaintiff's appeal in a published opinion filed this date.

Defendant to substitute a different witness. We review for abuse of discretion. Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 719 (9th Cir. 2004). The district court considered the four factors pertinent to its decision to allow Defendant to add an infectious disease expert. See Amarel v. Connell, 102 F.3d 1494, 1515-16 (9th Cir. 1996) (listing factors). The new witness did not prejudice Plaintiff, because the district court ordered Defendant to bear Plaintiff's additional costs. Nor did the new witness disrupt the trial schedule. Defendant's conduct was neither in bad faith nor willful; Defendant's earlier attempt to subpoena a different witness was not an effort to violate the Federal Rules of Civil Procedure. Likewise, the district court considered the same factors before allowing Defendant to substitute another expert. The substitution did not prejudice Plaintiff or disrupt the trial schedule. Defendant's conduct in failing to ensure that the first expert witness would meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(B)(v) did not show willfulness or bad faith. Plaintiff was not entitled to discovery of material relating to the substitution. The district court did not abuse its discretion with either modification.

3. Finally, Plaintiff argues that two evidentiary rulings at trial were improper. We address these issues because, at a retrial, the district court would be bound by its prior rulings if identical evidentiary issues arose again. United States

v. Henley, 984 F.2d 1040, 1045 (9th Cir. 1993); United States v. Tham, 960 F.2d 1391, 1397 (9th Cir. 1991).  We review for abuse of discretion a district court's evidentiary rulings.  Hoffman v. Constr. Protective Servs., Inc., 541 F.3d 1175, 1178 (9th Cir. 2008).

(a)  The district court did not abuse its discretion by allowing Barbara Osburn to testify solely for impeachment purposes, even though Defendant had failed to disclose information about her to Plaintiff before trial.  Gribben v. UPS, 528 F.3d 1166, 1171-72 (9th Cir. 2008).

(b)  The district court abused its discretion by allowing Penny Hastie to testify regarding the hospital logs after Defendant had invoked privilege to avoid producing the information in the logs during discovery.  Defendant could not use the evidentiary privilege "both as a sword and a shield."  Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir. 1992).

AFFIRMED in part; REVERSED in part; REMANDED for further proceedings.  The parties shall bear their own costs on appeal.