FILED

MAY 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN DURAND and MADELAINE DURAND, | No. 10-17767 |
| Plaintiffs-counter-defendants - Appellants, | D.C. No. 2:09-cv-02038-JAM-KJM |
| v. | MEMORANDUM[*] |
| STONEHOUSE COURT ASSOCIATES, LLC, a California limited liability company, | |
| Defendant - Appellee, | |
| CANDICE L. STEPHENSON and J. WAYNE STRAUCH, Successor Co-Trustees of the "Marital Trust" under "The Trust Agreement and Declaration of Trust" and Co-Trustees of the Administrative Trust UTA, | |
| Defendants-counter-claimants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted May 15, 2012[]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

Edwin and Madelaine Durand appeal pro se from the district court's judgment in their diversity action alleging conversion of a loader. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Am. Bankers Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 75 F.3d 1401, 1406 (9th Cir. 1996), and for an abuse of discretion its evidentiary ruling, *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). We affirm in part, reverse in part, dismiss in part, and remand.

The district court did not abuse its discretion by striking the Van Tassel declaration because the Durands' failure to identify Van Tassel as a potential witness in their initial disclosures and interrogatory responses prejudiced defendants and was not substantially justified. *See Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (under Fed. R. Civ. P. 37(c)(1), the exclusion of evidence is appropriate unless the failure to disclose was "substantially justified or harmless"); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) ("Implicit in Rule 37(c)(1) is that the

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

10-17767

burden is on the party facing sanctions to prove harmlessness.").

However, summary judgment was improper because, viewing the evidence in the light most favorable to the Durands, they presented sufficient evidence to raise a genuine dispute of material fact as to whether they owned or had a right to possess the loader at the time of conversion. *See Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 601 (9th Cir. 2010) (setting forth the elements of conversion under California law). Accordingly, we reverse and remand the grant of summary judgment.

We lack jurisdiction to consider the imposition of sanctions against the Durands because the magistrate judge's post-judgment order setting the amount of sanctions is not a final order. *See Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658-59 (9th Cir. 1993) (explaining that 28 U.S.C. § 636(b)(1) does not permit issuance of a directly appealable final order, nor does it authorize entry of a post-judgment order); *Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc.*, 873 F.2d 1327, 1329 (9th Cir. 1989) (an order awarding sanctions is not appealable until the amount of sanctions is determined). Accordingly, we dismiss the appeal as to the sanctions order and remand for further proceedings.

The Durands' remaining contentions are unpersuasive.

The Durands' request to have the case reassigned to different judges on

remand is denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part; REVERSED in part; DISMISSED in part; and REMANDED.**