**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BRUCE REMINGTON, | No. 12-16530 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-04547-NJV |
| v. | |
| JOHN MATHSON; JOY MATHSON, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Nandor J. Vadas, Magistrate Judge, Presiding[**]

Submitted May 13, 2014[***]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Bruce Remington appeals pro se from the district court's summary judgment

in his action alleging that his neighbors violated various federal environmental

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

statutes. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment, *Ass'n to Protect Hammersley, Eld, & Totten Inlets v. Taylor Res., Inc.*, 299 F.3d 1007, 1009 (9th Cir. 2002), and for an abuse of discretion the district court's decision whether to exclude evidence as a discovery sanction, *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment because Remington failed to raise a genuine dispute of material fact as to whether defendants violated various federal environmental laws. *See Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1032 n.l4 (9th Cir. 2008) (nonmoving party must establish the existence of a genuine factual dispute on the basis of admissible evidence).

The district court did not abuse its discretion in imposing discovery sanctions on Remington because Remington's failure to comply with expert witness disclosures was neither substantially justified nor harmless. *See Yeti by Molly Ltd.*, 259 F.3d at 1106 (Fed. R. Civ. P. 37(c)(l) requires exclusion of evidence unless the failure to disclose was substantially justified or harmless, and does not require a finding of willfulness, fault, or bad faith); *see also Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (Rule 37

sanctions are appropriate even if a litigant's entire cause of action falls). Moreover, Remington's contention that the district court erred and violated his right to due process by not granting his request for oral argument is unpersuasive, as the district court was not required to do so under the local rules and Remington's opportunity to submit briefs was an "opportunity to be heard" within the meaning of Rule 37(c)(1). *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164-65 (9th Cir. 2003).

Remington's contentions regarding the district court's alleged bias, deficient reasoning, inadequate warnings, and failure to issue lesser sanctions or to require a meet and confer are unpersuasive.

Defendants' motion to strike portions of Remington's reply brief, filed on April 3, 2013, is denied as moot.

**AFFIRMED.**