

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DR. DARA PARVIN, | No. 13-36026 |
| Plaintiff - Appellant, | D.C. No. 6:10-cv-06332 TC |
| v. | |
| CNA FINANCIAL CORPORATION dba CNA INSURANCE COMPANY; and CONTINENTAL CASUALTY COMPANY | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Thomas M. Coffin, Magistrate Judge, Presiding

Argued and Submitted March 7, 2016
Portland, Oregon

Before: BERZON and WATFORD, Circuit Judges, and SAMMARTINO, District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Janis L. Sammartino, United States District Judge for the Southern District of California, sitting by designation.

Dr. Dara Parvin appeals the district court's dismissal of his negligence, fraud, and tortious breach of the convenant of good faith and fair dealing causes of action and summary adjudication of his breach of contract cause of action against his malpractice liability insurer, CNA Financial Corporation and Casualty Insurance Company (collectively, "CNA"). As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in summarily adjudicating and dismissing Dr. Parvin's causes of action. CNA introduced evidence—which the district court did not abuse its discretion in admitting, *see Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1178 (9th Cir. 2008)—demonstrating that the Oregon Medical Association Professional Consultation Committee ("PCC") consented to the Mason settlement. Dr. Parvin failed to identify any evidence showing that there was a genuine issue for trial regarding the PCC's consent to settle. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). Given the PCC's declarations of consent, Dr. Parvin's breach of contract, fraud, negligence, and bad faith causes of action necessarily fail. The district court, therefore, did not err in dismissing and summarily adjudicating these claims. *See Kling v. Hallmark Cards, Inc.*, 225 F.3d 1030, 1039 (9th Cir. 2000) ("We . . . may affirm a judgment on any ground

2

supported by the record, regardless of whether the district court relied upon, rejected, or even considered that ground.").

Moreover, the district court did not abuse its discretion in allowing CNA to file a second motion for summary judgment on Dr. Parvin's breach of contract cause of action or in construing CNA's motions in limine concerning Dr. Parvin's other causes of action as successive motions for summary judgment. Successive motions for summary judgment are generally permissible. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 910–12 (9th Cir. 2010).

Lastly, Dr. Parvin waived any challenge to the district court's partial award of costs. *See United States v. Alameda Gateway Ltd.*, 213 F.3d 1161, 1168–69 (9th Cir. 2000) (holding that an appellant "waived [an] issue on appeal" where it "present[ed] th[e] argument in a lone footnote and fail[ed] to cite any authority in support").

**AFFIRMED**.