NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 7 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

SILVER STATE BROADCASTING, LLC; et al.,

         Plaintiffs-Appellants,

  v.

MICHAEL J. BERGNER, DBA Bergner & Co,

         Defendant-Appellee.

No.   16-16753

D.C. No.
2:11-cv-01789-APG-CWH

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted December 5, 2017**
San Francisco, California

Before:  OWENS and FRIEDLAND, Circuit Judges, and BUCKLO,*** District Judge.

Plaintiffs Silver State Broadcasting, LLC, Royce International Broadcasting

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Elaine E. Bucklo, United States District Judge for the Northern District of Illinois, sitting by designation.

Corporation, and Golden State Broadcasting, LLC (collectively, "the Broadcasters") appeal from the district court's order granting summary judgment to defendant Michael Jay Bergner on the Broadcasters' claim that Mr. Bergner breached his fiduciary duty to them by brokering radio-station acquisitions for competitor broadcasters. The Broadcasters argue that the district court abused its discretion by excluding evidence of the Broadcasters' damages as a discovery sanction. In turn, they argue, the district court erred in granting summary judgment to Mr. Bergner on the grounds that the Broadcasters had failed to meet the damages element of their breach-of-fiduciary-duty claim against Mr. Bergner.

As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The Broadcasters violated Fed. R. Civ. P. 26(a)(1)(A)(iii) by failing to include a damages computation in their initial disclosures, and the district court did not clearly err in finding that this discovery violation was not harmless. *See Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997); *Hoffman v. Constr. Protective Servs.*, 541 F.3d 1175, 1180 (9th Cir. 2008). Accordingly, the district court was authorized to sanction the Broadcasters under Fed. R. Civ. P. 37(c)(1).

Because the district court expressly found that the Broadcasters' discovery violation was willful and that lesser sanctions were no longer available, the district court did not abuse its discretion in sanctioning the Broadcasters by excluding their

2

damages evidence even though this sanction was tantamount to dismissal of their claim. *See R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247–48 (9th Cir. 2012).

Mr. Bergner did not waive his objection to the Broadcasters' damages evidence by failing to move to compel that evidence during discovery. Because Rule 26(a)(1)(A)(iii) required the Broadcasters to disclose their damages computation "without awaiting a discovery request," and because Rule 37(c)(1) establishes an automatic exclusion sanction for violations of that rule, Mr. Bergner did not need to move to compel disclosure before seeking sanctions. *See R & R Sails*, 673 F.3d at 1243, 1246–47 (concluding that a Rule 37(c)(1) exclusion sanction would be appropriate if the violation were willful and if lesser sanctions were not available, even though the party seeking sanctions had not moved to compel disclosure of the evidence during discovery).

We affirm the district court's order granting Mr. Bergner's motion in limine to exclude evidence of the Broadcasters' damages as a sanction for their violation of Rule 26(a)(1)(A)(iii).

2. The Broadcasters argue that this court should reverse the district court's order granting summary judgment to Mr. Bergner only if it also reverses the

district court's order granting Mr. Bergner's motion in limine.[1]  Accordingly, having affirmed that order, we also affirm the district court's summary judgment order.

**AFFIRMED.**

---

[1]  In their "Statement of the Issues Presented for Review," the Broadcasters also suggest that the district court erred in granting Mr. Bergner's renewed motion for summary judgment because Mr. Bergner failed to file supplemental briefing as ordered.  The Broadcasters never actually briefed this issue, however, and this court "review[s] only issues which are argued specifically and distinctly in a party's opening brief," *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).