NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JACK ENGEL,

                    Plaintiff-Appellant,

  v.

TIME WARNER CABLE; et al.,

                    Defendants-Appellees.

No.   20-55200

D.C. No.
5:19-cv-00074-PSG-KK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Argued and Submitted February 5, 2021
Pasadena, California

Before:  GOULD, OWENS, and VANDYKE, Circuit Judges.

Jack Engel ("Engel") appeals the district court's grant of summary judgment

on his claims for violations of the California Fair Employment and Housing Act

("FEHA") and the California Family Rights Act ("CFRA") in favor of his former

employer, Charter Communications ("Charter"). Engel also contends that the

district court abused its discretion by (1) denying Engel's *ex parte* motion to re-

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

open discovery and (2) considering declarations from three of Charter's human resources employees: Stacia Erway, Kasei Reed, and Pamela Franklin. Because the parties are familiar with the facts and procedural history of the case, we recite only those facts necessary to decide this appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review the district court's grant of summary judgment *de novo*." *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015). "We review a district court's denial of a request for further discovery by a party opposing summary judgment for abuse of discretion." *Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995). We likewise review the imposition of discovery sanctions for abuse of discretion. *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997).

The district court did not err in granting summary judgment on Engel's FEHA discrimination and retaliation claims. An employer who moves for summary judgment on FEHA claims bears the initial burden "to show either that (1) plaintiff could not establish one of the elements of [the] FEHA claim or (2) there was a legitimate, nondiscriminatory reason for its decision to terminate plaintiff's employment." *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 745 (9th Cir. 2011) (alteration in original) (quoting *Avila v. Cont'l Airlines, Inc.*, 82 Cal. Rptr. 3d 440, 449 (Ct. App. 2008)).

Charter met its initial burden of showing "legitimate, nondiscriminatory"

reasons for terminating Engel and declining to re-hire him later. *See id.* First, Charter sent Engel a letter ("21-day letter") asking him to inform its human resources department of the accommodations he would need to return to work within twenty-one days, but Engel did not respond. Second, when Charter invited Engel to interview for a position as a Direct Sales Supervisor, Engel did not show up. Under California law, job abandonment is a legitimate, nondiscriminatory motivation to terminate an employee. *See Brundage v. Hahn*, 66 Cal. Rptr. 2d 830, 836 n.2 (Ct. App. 1997). Because Charter met its initial burden, Engel had to demonstrate either that "the defendant's showing was in fact insufficient or . . . that there was a triable issue of fact material to the defendant's showing." *Lucent*, 642 F.3d at 746 (omission in original) (quoting *Hanson v. Lucky Stores, Inc.*, 87 Cal. Rptr. 2d 487, 493 (Ct. App. 1999)).

We conclude that Engel did not meet his burden. Although Engel asserts that the 21-day letter did not require him to reply, the letter stated that "[i]f there is a need for an accommodation (other than continued leave of absence), please find the enclosed forms to be completed and returned no later than the end of business on 2 June 2017." It also stated that Charter would terminate Engel's employment in twenty-one days if Engel was unable to return to work. Engel's "'uncorroborated and self-serving' testimony" that he responded to the letter by leaving a voicemail with one of Charter's employees is insufficient to create a

3

triable issue of fact, nor does Engel allege he ever provided the requested paperwork. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (citing *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996)). Finally, we agree with the district court that while the communications referring to getting Engel and one other employee "off of our books" may have been "callous," they do not rise to the level of pretext sufficient to raise a triable issue of fact.[1]

For similar reasons, the district court properly granted summary judgment on Engel's claims for failure to accommodate and failure to engage in the interactive process.[2]  First, Charter provided Engel with a reasonable accommodation: eighty-seven weeks of leave. *See Hanson*, 87 Cal. Rptr. 2d at 487.  And as noted above, when Charter asked Engel to identify further accommodations he would need to return to work, Engel did not respond.  Second, Charter engaged in the interactive process by extending Engel's leave and reaching out to him with the 21-day letter. Because Engel did not respond as requested, Charter cannot be held liable for this breakdown in the interactive process.  *See Lucent*, 642 F.3d at 743.

---

[1] Because we hold that Engel failed to raise a triable issue of fact as to whether he was terminated and not re-hired for legitimate, nondiscriminatory reasons, we need not decide whether he was a "qualified individual" under the FEHA. *Cf. Curley v. City of N. Las Vegas*, 772 F.3d 629, 633 (9th Cir. 2014) ("As with his discrimination claim, we need not decide whether Curley established a prima facie case of retaliation because he cannot show pretext.")

[2] Engel presents no argument on appeal with respect to his CFRA claim, so that argument is waived.  *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994).

Next, the district court did not abuse its discretion by denying Engel's *ex parte* application to reopen discovery. A district court abuses its discretion only "if the movant diligently pursued its *previous* discovery opportunities, and if the movant can show how allowing *additional* discovery would have precluded summary judgment." *Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) (citing *Cal. Union Ins. v. Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990)). Here, Engel did not show how allowing additional discovery would have precluded summary judgment. On appeal, Engel points to instances where the district court relied on declarations from witnesses who were identified after the discovery cutoff. But he does not explain how allowing further discovery would have rebutted statements made in those declarations.

Finally, we hold that the district court did not err in exercising its "particularly wide latitude," *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1178 (9th Cir. 2008) (citation omitted), to consider declarations from Stacia Erway, Kasei Reed, and Pamela Franklin, rather than impose discovery sanctions. The disclosures of Erway and Reed that were made just days before the discovery cut-off date were harmless because Engel knew that Erway and Reed were involved in the discussions at Charter relating to his employment. And the late disclosure of Franklin was harmless because Erway and Reed's declarations were sufficient to establish that Engel did not respond to the 21-day letter.

5

**AFFIRMED.**